**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JERRY D. HARDMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CAUSE NO. 3:17-CV-474-PPS-MGG |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Jerry Hardman, a prisoner without a lawyer, filed a habeas corpus petition

challenging the prison disciplinary hearing where a Disciplinary Hearing Officer found

him guilty of attempted trafficking in violation of Indiana Department of Correction

policy A-111 and A-113. ECF 1 at 1. As a result, he was sanctioned with the loss of 60

days earned credit time and was demoted from Credit Class 1 to Credit Class 2.

In Ground One, Hardman argues that he is entitled to habeas corpus relief

because he was improperly denied an opportunity to personally review documents

contained in the Internal Affairs file regarding this incident. While Hardman concedes

that the hearing officer reviewed this evidence, he argues that he should have been

permitted to personally review the evidence as well. Specifically, he argues that the

hearing officer relied on statements from two witnesses that he was not permitted to

review. However, it is well-established that "prison disciplinary boards are entitled to

receive, and act on, information that is withheld from the prisoner and the public . . . ."

*White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Hardman had a right to have

the evidence reviewed by the hearing officer, but he did not have the right to personally review all of the evidence himself where the disclosure of the sensitive information in the file posed an obvious risk to the security of the facility. Thus, Ground One does not identify a basis for granting habeas corpus relief.

In Ground Two, Hardman argues that he requested a continuance so that the hearing officer could review additional evidence. He claims that there were phone calls and "law enforcement incident reports" that the hearing officer did not review. However, the confidential case file contained a transcript of the phone calls, and contained copies of the police reports. Because the hearing officer reviewed the confidential investigation file (*see* ECF 8-5), and there was no need for a continuance. Ground Two does not identify a basis for granting habeas corpus relief.

In Ground Three, Hardman argues that he is entitled to habeas corpus relief because his request for counsel was denied. Respondent contends that Hardman is procedurally defaulted on this claim because he failed to raise it during his administrative appeal. However, I may consider the merits of Hardman's claim, notwithstanding his alleged failure to exhaust. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). I do so here.

Hardman argues that he was denied the assistance of counsel. Hardman argues that, due to the severity of the charges, and the fact that this incident gave rise to criminal charges, he should have been provided with counsel. Yet, for purposes of his petition, Hardman is limited to challenging sanctions imposed as a result of his prison disciplinary hearing, not any related criminal proceeding. In the context of prison disciplinary hearings, prisoners do not have a due process right to counsel. *See Wolff v. McDonnell*, 418 U.S. 539, 570 (1974). Thus, Ground Three does not identify a basis for granting habeas corpus relief.

If Hardman wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the Court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the amended habeas corpus petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Jerry Hardman is **DENIED** leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

ENTERED: November 6, 2017.          _/s Philip P. Simon_____
                                    Judge
                                    United States District Court